The next case for argument is 171941, Progressive Industries v. United States. This case is 171941, Progressive Industries v. United States. Mary April, on behalf of Progressive Industries, this is a slightly different case than the last two that we heard. This is a case that I would like to set up the landscape for the court in just a couple of minutes and then discuss the reasons that the court should be reversed. In this particular case, Progressive was a woman-owned small business. They had won a bid protest. That's the important issue here, that they had won a bid protest against the VA, which had granted contracts to unqualified bidders, Rouse and Irish Oxygen. The VA contracting officer, for reasons unknown, simply was determined to award the contracts to those other two bidders. The court entered a scathing 37-page opinion that described how the VA helped Rouse and Irish along. I think we understand what happened here and the Kingdom War opinion issue and what happened. Admittedly, your client was caught in a bad position, and I can see that. I guess the first question I would have is, why didn't you notify the court as to the Kingdom War opinion as soon as it issued and make arguments then? For a couple of reasons. The Kingdom War case really had nothing to do with our particular issue. The Kingdom War case only decided that the Rule of Two would have to apply to all contracting, not just until the VA met a contracting rule. And it decided that the Rule of Two applied to federal supply schedule points. Let's assume that we disagree, at least with the second point, that Kingdom War is best read to be admitted to the FSS. If that's the case, what other reason did you have for not notifying the court of the Kingdom War opinion? Well, again, because this didn't affect the decision in this particular case, but the issue with Kingdom War has been that the court did not mention the Kingdom War case until the October 31 opinion. Neither did the VA because it wasn't really necessary to either one of us. Can you explain that to me, just here? The two other bidders, there were three bidders in the initial contract. The two other bidders were two minority-owned veterans. They would satisfy the Rule of Two, right? So if Kingdom War had been in effect at the time the contract was initially awarded, your client would have been out, right? Because if there are two minority veteran-owned bidders, that's the end of the story, no? No. At the time that this competition decided to be an open competition, the Rule of Two and that statute had already been applied, and there weren't two qualified bidders. The other bidders weren't found eligible because they didn't have the right experience or the amount of experience. Right, they did not have the past performance. But your form of protest just ran the risk that the VA would, if you won, that they would resolicit the contract. Well, when they resolicited it and completely... It was always a risk. We're going to win. If we win, then the VA, we're running the risk that they're going to resolicit the contract. And by this time, you knew during the litigation that the other two bidders were getting the experience that they lacked. I don't think that that is the way that it should be looked at, because if that is the case, then what you're saying is that every time there's a situation where the veteran-owned businesses come in at some point during the progression, that the VA can just simply change, cancel, resolicit, and... No, but the VA had the... There was always the risk that the VA was going to resolicit, if you won. And we don't believe that that is what should have happened, and that's what this case is about. The Rule 60B, Relief from Judgment, was that the court sent the opinion back with instructions to act consistently with the opinion. We don't believe that resoliciting was consistent with her opinion at all. I guess you're avoiding... I would say you're avoiding my question. I'm not trying to. Okay. You ran the risk. There was always a risk there that even if you won, that the VA could resolicit the contract. I just don't agree with that particular premise. Well, you don't agree maybe that they did resolicit it, but the risk was always there. Not necessarily, because when a contract gets awarded, I guess I don't see it as a risk. Okay. Well, why? I mean, what authority? Does not the Court of Federal Claims have the authority? If they find in your favor, then they've got to order relief, right? Yes. And isn't it really on the table as to whether or not they would want to immediately award it to yours to do a re-evaluation or to do a resolicitation? That's one of several options on the Court of Federal Claims' plate, is it not? And I believe that the Court of Federal Claims had to look at this particular situation and order a re-evaluation, because the rule of two had already been met. The awards had been made. Progressive had won the bid protest. Then what the judge should have done is to go back and say, all right, you need to go back to the time that the original wrongs were begun, and you should re-evaluate the proposals from that point. And is the difference? I mean, this all comes down to if you get re-solicited, then you're under the kingdom where, and you're going to get knocked out as a practical matter. And whereas for the re-evaluation, you wouldn't necessarily. I mean, the rule of two had already been done. The rule of two had already been applied, and progressive was the only qualified bidder. The court definitely said that progressive stood a very substantial chance of obtaining the contract if the VA had acted correctly. So to permit the VA to engage in these outrageous and egregious errors and then just turn around and say. I think the court agreed with you there about these errors were made. What was the remedy that you were seeking? You were seeking to vacate the contract. The contract was vacated. And that's the remedy you were seeking? Yes, and to be returned back to the status quo and to the illegality. It was those two items. And what the judge didn't do in this particular case was she did not return the parties back to the status quo and to the illegality. And that's the risk you ran, that the court was just simply going to say, in order to return back to where we were, and because you're seeking to vacate the contract, then I'm simply going to seek a re-solicitation of the contract. And we just don't believe that that is an appropriate remedy under the circumstances in this case. That was why the motion for the Rule 60 relief from judgment in the first place. Well, you didn't ask, though, in your prayer for relief, you didn't ask for a re-evaluation, right? You asked simply that the award, an order directing the VA to award the contract to progressive. And the court clearly, obviously, saw that she could not do that, said that she could not do that. So you didn't make an argument for it should be re-evaluated, but under no circumstances should it be re-solicited? Well, I don't think that became apparent until she issued the October 31 opinion. Why should she not? I mean, is there anything legally that precludes her under these circumstances from using the option of re-soliciting as opposed to re-evaluating? Can you point to us, like, she didn't have the authority to order a re-solicitation? That's not your position, is it? I don't think that she had the authority to do it under these circumstances. This is a situation where there has been a wrong that has been done, and the judge, in looking at this, she sent it back and she said in her opinion, I gave them 37 pages worth of direction, you know, as to what to do. And that does not contemplate to me that she is saying re-solicit, just throw it all out and re-solicit the contract. Right. The court didn't order the re-solicitations. The court sent it back home to the VA to further proceed. And that's where the re-solicitation... Why did you file a protest to the new re-solicitation? I'm sorry? Why did you not protest the re-solicitation? Because the progressive was no longer in the competitive range, and there are all kinds of cases on standing that would have created huge problems for us to do that. I think I'll save my remaining time for rebuttal. Thank you. Please support. Your Honor, I was picking up on the questioning that the court directed at progressive, particularly the question about why they did nothing. Your Honor, there are several reasons why progressive should have acted. Why didn't the government notify the court of kingdomware? Your Honor, the issue raised in kingdomware should have put a prudent contractor with the VA on notice that the VA Rule of Two would have been applied. But we're not talking about whether he's on notice now. We're talking about whether the court's on notice. And usually, I don't know if there are any rules in that, but usually if an opinion comes out that helps the side that is helped by the opinion is the one that proceeds to put it before the court. In this instance, it kind of helped the government in a way because then they didn't get the relief that they were seeking. I just don't understand. As between the two sides, is it your view that they had an obligation to bring it before the court but you did not? Is it that you both had an obligation and you both failed, but given the circumstances, they're the ones that are going to suffer the consequences? What's your position? Our position, Your Honor, is that it was incumbent upon them. The burden was on the contractor to bring kingdomware to the trial court's attention because of its concern with the impact. In this court— But didn't the VA, didn't the government have an interest in terms of what the impact was? I don't understand. Are you saying the government had no obligation to bring it before the court that their rights weren't arguably affected by the decision in kingdomware? The answer is of course they were, right? Well, the government would have been applying kingdomware as well as— So why are you saying there's no way, no how, that the government is under any obligation? It's the obligation that's exclusively on their side and no obligation on yours to bring the case to the court's attention? Well, given that the contractor is the one that was concerned about an impact, it was incumbent upon it to raise the kingdomware decision, particularly given— They're concerned about the impact, but the government is also impacted by the decision, right? You're impacted as well—you're both impacted. This was going to affect what, if anything, VA did. So I don't understand. Do you see that there was less of an impact? Well, we see the burden being on the contractor to bring their concerns. I mean, the progressive knew that it was not a veteran-owned small business. It was aware that the 2013 solicitation had gone to veteran-owned small businesses. So given that, given that it wanted a tailored remand, it was incumbent— But they won before the court to say that the award should be displaced, and they were seeking to just have them put in as the contractor based on this litany of violations that had occurred beforehand. Well, of course, there is no guarantee that progressive would be— given the environment of a set-aside, given that the Rule of Two had to be applied under kingdomware, given that the VA policy memo required it— But the Rule of Two had—you agree that the Rule of Two had been applied in the first instance? The Rule of—in the original—that's another concern, Your Honor. In the original solicitation in 2013, the market research did involve the application of the Rule of Two. Back in 2013, there were not at least two veteran-owned small businesses in the marketplace. Within that very year, there were two veteran-owned small businesses competing for the 2013 solicitation. Are you absolutely certain that the only way the District Court—the Court of Federal Claims could go here was to order a re-solicitation, that that was the only remedy that it had in its basket under the circumstances of this case? Well, given—it was for the contractor to raise a need for any kind of tailored injunction. This Court has recognized an axiom, as well as Parcel 49C, which progressive relies upon, that it is—that VA conduct that is lawful is not something that the Court should interfere with. Here, it was lawful for the VA to apply the Rule of Two. I'm sorry. The Court only vacated and remanded. There was no order of re-solicitation from the Court. No, Your Honor. Am I correct? Yes, Your Honor. Okay. There was no order. But the—following our emergency motion filed on the day after the— Is there any reason why we would not be able to reverse and find that the Court of Federal Claims should have remanded with instruction? Your Honor, there's no reason to do so because under axiom and under Parcel 49C, the Court has recognized that it's not for the Court to interfere with lawful procurement decisions. What the trial court did here is to— The VA engaged in a series of errors. And those were remedied by a vacateur of— They were never remedied. I mean, the— They were, Your Honor. Progressive is left holding an empty bag. They won. They won nothing. Your Honor, they won a remedy in that the illegal contracts that were awarded were vacated. And then under the transition—under the VA policy memorandum, in either scenario, whether it be evaluation or it be pre-solicitation, after the re-solicitation, the VA rule of two is required to be applied. I really would like to just have a specific answer to you. Would the Court of Claims, did they have the—did it have the authority, would it have had the authority to, one, order the contract awarded to progressive, or to, two, order a re-evaluation rather than a re-solicitation? Your Honor, the first question— Did they have the authority? To order a— Yeah. Rather than a remand, if they had remanded for purposes of a re-evaluation only, would that—would you have challenged that as being somehow illegal or outside of their authority or something? Did they have that discretion? Yes, Your Honor. But on remand, what would have happened would be, under the policy guidelines, the VA would have had to apply the rule of two. First of all, it would have had to have been, by looking at the original 2013— Okay, let me ask another one because you're not understanding my question. If the Court of Federal Claims had said, we want to either—said, one, we're going to award the contract to progressive, or if it had said, we're not going to require a re-solicitation here because the VA ought not to, or these other people, ought not to benefit from the passage of time, and that progressive—we all know the results. If we apply Kingdomware and we do a re-solicitation, they're out. If we don't, they have a good chance of winning. But the Court of Federal Claims have had the legal authority to say, no re-solicitation is compelled here. You ought to do just a re-evaluation and move forward. As to the first question, the court cannot order a contract award. The case law is clear about that issue. As to the second issue, it would have been within the trial court's discretion to do some kind of tailored remand. The question for us is that in a scenario where the trial court doesn't do that, that is not somehow an unlawful remand, which is what progressive characterizes it as. It had the discretion to, given particularly it didn't have specific instructions from progressive about a tailored remand. That's correct. We're talking about a remedy here that progressive perhaps never saw. Never. Right. However, maybe they didn't seek it because progressive understood the lay of the land, the legal landscape, in effect, at that point. Then kingdom work comes and changes and creates suddenly the risk that I was talking about before becomes manifest. It's no longer a potential risk. It can produce the result that actually happened, and that's progressive. It's totally out. They win, and they win nothing. Your Honor, it's correct. There was a risk, and a prudent contractor would have done something to protect its interests. Your Honor, it's worth noting a case from this court, Eli Lilly v. Aradime, issued in 2010. In progressive's motion for reconsideration, did they reassert a new or different remedy at that point? They began to raise that there, and in doing so, they relied upon kingdomware. It is worth pointing out, Your Honor, that they on appeal have taken a different position about kingdomware. In their initial Rule 59E motion, Rule 60B motion, they pointed the court to the potential, their concern about the impact of kingdomware. They expressly discussed that they will be kicked out of the competition. I'd like to point, Your Honor, to the language because it is clear that at that point and conceivably before then that they were on notice of the fact that they should have raised this before. I'm looking at page 2843 through 2845 of the record, which is their initial Rule 59E, Rule 60B motion. They state at the bottom of 2843 that, as the court noted in its opinion, pursuant to Section 8127D of the Veterans Health Care and Information Technology Act of 2006, i.e., the Veterans Benefit Act, the VA is required to restrict competition for agency contracts to service disabled veteran-owned small businesses and veteran-owned businesses when the contracting officer has a reasonable expectation that two or more small business concerns owned and controlled by veterans will submit offers. So they are expressly, before the trial court, recognizing that kingdomware has an impact. Can I ask you a question about that? Let's assume the time-bar thing is gone and we're not buying that. I'm sorry, Your Honor? The time-bar thing on Rule 59, let's assume you went on that issue. They raised, as you just noted, in the alternative, 60B, and they explicitly talk about 60B1, 60B5, and 60B6. The court analyzed the merits of this dispute only under 60B6, and there's a difference between 60B1 and 60B6, right? 60B6 has nothing about excusable neglect, and 60B1 does allow for mistake, inadvertent surprise, or exclusable neglect. So why shouldn't we at least remand it to the Court of Federal Claims to analyze it under 60B1, which it failed to do? Your Honor, it didn't analyze the 60B1 issue because, as it stated in the opinion, there was no argument advanced by Progressive in support of 60B1. They only advanced an argument under 60B6, so there was nothing for the trial court to analyze or work with. So 60B6 was all that was left on the table, of course, and that is the catch-all requirement. And, of course, under Rule 60B, you rely on 60B6 if you cannot fit the other criteria. So clearly they concluded that, at the end of the day, 60B6 is the only place they could proffer an argument, and that was related to extraordinary circumstances. Is it in the record? Did the Court of Federal Claims ever ask the government why it hadn't submitted Kingdomware, or did the government ever come up with the reason why it hadn't provided the court the opinion? No, Your Honor. In the trial court's October 31 decision opinion in order, it had a footnote related to Kingdomware and indicated that neither party had raised it. So it didn't reach it as a result. And just going back, I don't want to beat a dead horse, but if the government thought that clearly Kingdomware would affect the remedy here, was it just lying in wait to see if the other side was going to raise it or not? Was it just so sure that the other side would raise it that they felt like they didn't have to? Is there anything in the record that indicates why the government didn't raise it? There's nothing in the record to indicate, but as I stated, Your Honor, it was the burden of the contractor, given its concerns about the potential impact, given that it was not a veteran-owned small business. That's understandable, but that's another way of saying that. It just seems to me that the duty owed to the tribunal, the duty owed to this court by the lawyers as officers of the court, is to keep the court informed as to new authority, supplemental authority, and things of that nature. And I think that obligation falls on both sides of the parties. The government had an obligation, in my view, as to notify the court about Kingdomware, and I think that so did Progressive. Thank you. Thank you, Your Honor. I think Your Honor has hit the nail on the head. You want to speak up a little? Your Honor has hit the nail on the head in that the VA is attempting to put all of the burden on Progressive and none of the burden on itself. And one of the issues that arises in whether either side should have raised Kingdomware to the court before her October 31 opinion is that it's not the Kingdomware case that had created the problem or that is creating the problem. It is the government's internal policy memorandum that is what they are relying on to say, we must go back now and apply the Rule of Two this way again, over again, and we can't do anything else. And it's that policy memorandum which does not have the force of law, which Progressive did not know about. And it was an internal policy memorandum, so we would have no reason to really know that the government is taking this position, this very strong position with respect to Kingdomware. But maybe that is, as Judge Reyna suggested perhaps earlier, maybe that's a new challenge that you would necessarily have to bring in some other case with regard to the new solicitation. If I understand Your Honor, I think that what you're saying is if there was another case coming after ours, or are you saying in this particular case? In this particular case, it goes back, they order a re-solicitation, and I don't know enough about what goes on, but is there a basis for you to challenge the re-solicitation? Well, that comes back to when the re-solicitation is of the service-disabled, veteran-owned small businesses, which our client is not a part of, then our client is left... But you could have filed a protest. But not with... I don't think that we would have had standing to file a protest after the solicitation. And the... I think that that's an overriding concern here, about what you just said, that you may not have had standing. I'm not too sure about that, but it's the same short-circuit thinking occurred in the case, that you never asked for the remedy, or put the court in a position to consider a remedy that would have been beneficial to you. Even after Kingdom were issued, and even after you knew, for example, in your motions for reconsideration, that Kingdom were... the potential that Kingdom were to have this significant adverse impact on your case, you didn't point the court in a direction where the court could help you, and I'm not too sure we can do that. I believe that you can, actually, because when you're talking about, is there anything precluding you from sending the case back with directions, no, I don't believe there is anything precluding you from doing that. And in fact, again, when the court issued this 37-page opinion, it didn't appear from that, that we would need to go to the... What is it that you seek from us, then? What we're asking you to do, is to remand this case to the lower court, to provide instructions to the contracting officer, to remand it to the contracting officer, with instructions to return the parties to the status quo, and to the illegality. Why didn't you ask for that in your... at the outset? I think we did in our motion for reconsideration. It was obvious that that's what we were talking about, the returning to the status quo, and the court just... That was on the second one, but your first motion for reconsideration did not raise that. And that was a motion for reconsideration of the status order, not... And your complaint before the Court of Federal Claims did not lay out that remedy. Right, but we kept trying to bring things up, and the court cut us off without being able to be heard in these various hearings, just entered orders that changed dates and this and that, and trying to keep up with what the judge was wanting to do in this case was, in and of itself, challenging. And then she finally got to the point where, November 23, she sui sponte says, okay, let's just tear up all that, and I'm going to enter an amended judgment. I think it was clear that she wasn't letting us have the hearing to be able to raise the things that we wanted to raise. And it was obvious in what we were trying to do in the case, and making the arguments that progressives should not be harmed in this manner. Now, these arguments, you're not appealing that. That's not before the court. We're not appealing the award, the bid protest that we won. That's what we're not appealing, because we won it. All we're trying to do is to get a reasonable remedy for progressive under these circumstances, which is... You won a vacate, and the matter was sent back to the VA to... To a remand. To consider. To do whatever was consistent with that opinion. But it did say to award progressive a contract. It could have. And you never asked for that. That's my point. I mean, when would the court, and how can we review a prayer for relief that was never sent up? The court recognized that it had no authority to actually award progressive the contract. What it did recognize, and what it had done, was to vacate the award, remand to the contracting officer for proceedings consistent with that opinion. And they did not do anything that was consistent with that opinion. They just turned around and said, okay, we're starting over again. And after two years, progressive is too bad, so sad, you're out of here. Gee, that's too bad. We just decided that we're going to do it this way. And that is exactly what Rule 60B is for. It's for those unusual situations, such as we have here, where the outcome in this case is simply wrong. It's just simply wrong. And I think that this court recognizes that. And so all we're looking for is to have the vehicle to bring it back to the court and say, this didn't go the way it should have gone. This is an impossible outcome. It's an outcome that should never have happened. And we're going to fix this, finally. Thank you. Thank you. We thank both sides. The case is submitted, and that concludes our proceedings for this morning. All rise. The Honorable Court is adjourned until tomorrow morning at 10 a.m.